UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALLIED VISION GROUP, INC., <br><br> **Plaintiff,** <br><br> v. <br><br> JOEL LEFKOWITZ, *et al.*, <br><br> **Defendants.** | 20-cv-2367 <br><br> **OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter arises out of a contract for goods and services between Plaintiff Allied Vision Group, Inc. ("Plaintiff") and Defendants Provision Supply, LLC, Envision Eye Care, Inc., and Envision Options, Inc. ("Corporate Defendants"), guaranteed by their principal and president, Defendant Joel Lefkowitz (with Corporate Defendants, "Defendants"). The matter comes before the Court on Plaintiff's motion for default judgment. ECF No. 11. For the reasons set forth below, the motion is **GRANTED**.

I.  BACKGROUND

According to the Verified Complaint, ECF No.1, Plaintiff agreed to provide goods and services to the Corporate Defendants, which operate a "web-based business selling eyewear products." Compl. ¶¶ 3, 5. Lefkowitz was the principal and president of the Corporate Defendants and signed two personal guarantee and indemnification contracts for their benefit. *Id.* ¶¶ 7-8. The second guarantee specifically acknowledged a debt of $3,224,117.19 as of February 14, 2019. *Id.* Ex. B. It specified that "the outstanding note receivable will also incur a 2% monthly charge." *Id.*

On November 25, 2019, the Corporate Defendants executed deeds of assignment, naming their assignee as a Newark-based attorney ("Assignee"). *Id.* ¶ 10. The next day, deeds for Corporate Defendants were recorded in Bergen County, transferring their assets to another company, EZContacts. *Id.* ¶ 11. On December 23, Plaintiff made a formal demand on Lefkowitz for payment, but did not receive a response. *Id.* ¶ 14. On February 5, 2020,[1] Plaintiff filed proofs of claim through the office of the Assignee. *Id.* ¶ 15. On February 14, a state court approved the sale of Corporate Defendants' assets for $5,760,000 to EZContacts. *Id.* ¶ 16. Plaintiff believes that "substantially all of the proceeds . . . are to be distributed to ZBPLH Alliance Group, LLC, which alleges to hold a $7,169,720.22 secured claim against all assets." *Id.* ¶ 17.

---

[1] The Complaint states 2019, but the Court suspects this was in error given the order of allegations. Regardless, the order of events does not impact the result.

1

Plaintiff filed suit on March 4, 2020, and completed service by May 4. ECF Nos. 1-6. On June 10, 2020, Plaintiff requested, and was granted, clerk's entries of default against Defendants. On July 10, Plaintiff filed the present motion for default judgment.

## II.   JURISDICTION

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332. The Court has personal jurisdiction over the Corporate Defendants because their principal place of business is in New Jersey. Compl. ¶¶ 4-6. Lefkowitz, as principal and president of New Jersey-based businesses, is also subject to the Court's jurisdiction. *Id.* ¶ 4; *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 334 (3d Cir. 2009) (discussing specific jurisdiction).

## III.   DISCUSSION

### A.   Legal Standard

To enter a default judgment, the Court must determine whether a sufficient cause of action has been stated, taking as true the factual allegations of the Complaint. *Super 8 Worldwide, Inc. v. Riya Hosp. Grp., Inc.*, 14-cv-04527, 2015 WL 3755039, at *1 (D.N.J. June 16, 2015). "Once a cause of action has been established, the district courts must make explicit factual findings as to three factors: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Id.* Further, plaintiffs must evidence their right to damages. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

### B.   Plaintiff Has Stated a Cause of Action

Plaintiff states a cause of action for breach of contract. To state a claim, Plaintiff must allege "(1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). The Verified Complaint includes all four elements. Compl. ¶¶ 5-9, 14 (contract, breach, damages, and performance by Plaintiff).

As to the remaining factors, (1) there is no indication that Defendants have a meritorious defense, (2) Plaintiff has suffered significant prejudice, as significant amounts remain owed and, relevant to both factor two and (3) Defendants have completely refused to engage with Plaintiff. Plaintiff's have evidenced their right to damages, as Lefkowitz's second guarantee acknowledged the amount owed on February 19, 2019. *See* Compl. Ex. B.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff's motion for default judgment, ECF No. 11, is **GRANTED**. An appropriate order follows.

Date: August ⎯3⎯, 2020

WILLIAM J. MARTINI, U.S.D.J.

2